FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 12  PM 4: 14

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT SANTOPIETRO, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>OCA, INC., et al.,<br><br>    Defendants. | Civil Action No. 2:05-cv-02165-SSV-DEK<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>Section R<br>Judge Sarah S. Vance |
| This Document Relates To:<br><br>    ALL CASES. | |
| MARK HATTIE, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>OCA, INC., et al.,<br><br>    Defendants. | Civil Action No. 2:05-cv-03649-SSV-DEK<br><br><u>CLASS ACTION</u><br><br>Section R<br>Judge Sarah S. Vance |

NOTICE OF MOTION OF CANNELL CAPITAL, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Cannell Capital, LLC will hereby move this Court, on _____, the ___ day of _____, 2005 at _____, for an Order (attached hereto as Exhibit A): (i) appointing Cannell Capital, LLC as Lead Plaintiff; (ii) approving Cannell Capital, LLC's selection of the law firms of Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Steyer Lowenthal Boodrookas Alvarez & Smith LLP to serve as Lead Counsel and the Lemmon Law Firm to serve as Liaison Counsel; and (iii) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Cannell Capital, LLC submits herewith a Memorandum of Law and Declaration of Andrew A. Lemmon dated August 12, 2005.

DATED: August 12, 2005

LEMMON LAW FIRM LLC
ANDREW A. LEMMON (Bar No. 18302)

_____
ANDREW A. LEMMON

15058 River Road
Hahnville, LA 70057
Telephone: 985/783-6789
985/783-1333 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
200 Broadhollow Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

STEYER LOWENTHAL BOODROOKAS
  ALVAREZ & SMITH LLP
ALLAN STEYER
D. SCOTT MACRAE
One California Street, Third Floor
San Francisco, CA 94111
Telephone:  415/421-3400
415/421-2234 (fax)

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT SANTOPIETRO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> OCA, INC., et al., <br><br> Defendants. | Civil Action No. 2:05-cv-02165-SSV-DEK <br> **(Consolidated)** <br><br> <u>CLASS ACTION</u> <br><br> Section R <br> Judge Sarah S. Vance |
| This Document Relates To: <br><br> ALL CASES. | |
| MARK HATTIE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> OCA, INC., et al., <br><br> Defendants. | Civil Action No. 2:05-cv-03649-SSV-DEK <br><br> <u>CLASS ACTION</u> <br><br> Section R <br> Judge Sarah S. Vance |

DECLARATION OF ANDREW A. LEMMON IN SUPPORT OF THE MOTION OF
CANNELL CAPITAL, LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR
APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL

I, Andrew A. Lemmon, declare:

1. I am an attorney duly licensed to practice before the courts of the State of Louisiana. I am the proposed Liaison Counsel for Cannell Capital, LLC, and the class. I submit this Declaration in support of the Motion of Cannell Capital, LLC for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel.

2. Attached hereto as Exhibit A is a true and accurate copy of a loss chart presenting the transactions in the subject securities and summarizing the estimated collective losses of Cannell Capital, LLC at $3,016,046.58, in connection with its purchases of OCA, Inc. shares.

3. Attached hereto as Exhibit B is the certification of Cannell Capital, LLC.

4. Attached hereto as Exhibit C is a true and accurate copy of the first notice published regarding the pendency of these actions, published on *Business Wire*, a national business-oriented newswire service, on June 7, 2005.

5. Attached hereto as Exhibit D is a true copy of the firm resume of Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

6. Attached hereto as Exhibit E is a true copy of the firm resume of Steyer Lowenthal Boodrookas Alvarez & Smith LLP.

7. Attached hereto as Exhibit F is a true copy of the firm resume of Lemmon Law Firm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of August, 2005, at New Orleans, Louisiana.

_____
ANDREW A. LEMMON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT SANTOPIETRO, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:05-cv-02165-SSV-DEK **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Section R Judge Sarah S. Vance |
| OCA, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| This Document Relates To: | ) ) | |
| ALL CASES. | ) ) | |
| MARK HATTIE, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:05-cv-03649-SSV-DEK |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Section R Judge Sarah S. Vance |
| OCA, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM IN SUPPORT OF THE MOTION OF CANNELL CAPITAL, LLC
FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION
OF LEAD AND LIAISON COUNSEL

I.  **PRELIMINARY STATEMENT**

Presently pending before this Court is a consolidated[1] securities class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired OCA, Inc. ("OCA" or the "Company") shares between November 12, 2003, and June 7, 2005, inclusive (the "Class Period") and alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Cannell Capital, LLC hereby moves this Court for an order to: (i) appoint Cannell Capital, LLC as Lead Plaintiff in this Action under §21D(a)(3)(B) of the Exchange Act; and (ii) approve Cannell Capital, LLC's selection of the law firms of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") and Steyer Lowenthal Boodrookas Alvarez & Smith LLP ("Steyer Lowenthal") to serve as Lead Counsel and the Lemmon Law Firm to serve as Liaison Counsel.

This motion is made on the grounds that Cannell Capital, LLC is the most adequate plaintiff, as defined by the PSLRA. Cannell Capital, LLC is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Cannell Capital, LLC is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

---

[1] By Order dated July 1, 2005, the Court consolidated nineteen of the related actions which had been filed by that date. Movants have filed herewith a separate motion to consolidate the action captioned *Mark Hattie v. OCA, Inc.*, 05-cv-3649 (JCZ), which is also related to the consolidated action.

Cannell Capital, LLC suffered losses of $3,016,046.58 in connection with its purchases of thousands of OCA shares during the Class Period. *See* Lemmon Decl. Ex. A.[2] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, Cannell Capital, LLC, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND[3]

OCA provides business services to orthodontic and pediatric dental practices in the United States. The company provides affiliated practices with a range of operational, purchasing, financial, marketing, administrative, and other business services, as well as capital and proprietary information systems.

The complaint charges OCA and certain of its officers and directors with violations of the Securities Exchange Act of 1934. The Complaint alleges that, throughout the Class Period, defendants issued numerous positive statements and filed quarterly reports with the Securities and Exchange Commission which described the Company's financial performance. As alleged in the Complaint, these statements were materially false and misleading because they failed to disclose and/or misrepresented the following adverse facts, among others: (a) that defendants had engaged in improper accounting practices. OCA has now admitted that its prior financial reports are materially false and misleading as it announced that it is going to restate its results for the first three quarters of

---

[2]   References to the "Lemmon Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Andrew A. Lemmon dated August 12, 2005, and submitted herewith.

[3]   These facts are drawn from the allegations in the complaint captioned *Robert Santopietro vs. OCA, Inc., et al.*, Civil Action No. 2:05-cv-02165-SSV-DEK (the "*Santopietro* Action").

2004 and potentially prior periods; (b) that certain journal entries in the Company's general ledger were improperly recorded; (c) that certain data provided to the Company's independent accounting firm had been improperly changed; (d) that the Company lacked adequate internal controls and was therefore unable to ascertain its true financial condition; and (e) that as a result of the foregoing, the values of the Company's patient receivables and patient revenue were materially overstated at all relevant times.

On June 7, 2005, the Company shocked the market when it issued a press release announcing that it was further delaying the filing of its annual report, that it intended to restate its quarterly financial statements for 2004 and that it had placed the Company's Chief Operating Officer, Bartholomew E. Palmisano, Jr., on administrative leave. Specifically, the Company admitted that, among other things, it had materially overstated its patient receivables and patient revenue for the first three quarters of 2004 and possibly prior periods. Following this announcement, shares of the Company's stock fell $1.53 per share, or almost 38%, to close at $2.50 per share, on unusually heavy trading volume.

## III. ARGUMENT

### A. Cannell Capital, LLC Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Santopietro* Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national business-

oriented newswire service, on June 7, 2005. *See* Lemmon Decl., Ex. C. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Cannell Capital, LLC Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Cannell Capital, LLC Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein, under 15 U.S.C. §§78u-4(a)(3)(A) and (B), expires on August 8, 2005.[4] Pursuant to the provisions

---

[4] Pursuant to the directive of the Court at the August 3, 2005 conference, the deadline was extended to August 12, 2005.

of the PSLRA and within the requisite time frame after publication of the required notice (published on June 7, 2005), Cannell Capital, LLC timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Cannell Capital, LLC has duly signed and filed a certification stating that it is willing to serve as the representative party on behalf of the class. *See* Lemmon Decl., Ex. B. In addition, Cannell Capital, LLC has selected and retained competent counsel to represent it and the class. *See* Lemmon Decl., Exs. D-F. Accordingly, Cannell Capital, LLC has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel, as set forth herein, considered and approved by the Court.

**b.   Cannell Capital, LLC Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 639, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Cannell Capital, LLC, as an institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id.* ("Institutional investors and other class

members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

### c. Cannell Capital, LLC Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Lemmon Decl., Ex. B, Cannell Capital, LLC purchased thousands of OCA shares in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, Cannell Capital, LLC incurred a substantial $3,016,046.58 loss on its transactions in OCA shares. Cannell Capital, LLC thus has a significant financial interest in this case. Therefore, Cannell Capital, LLC satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d. Cannell Capital, LLC Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for

class certification. *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997). Cannell Capital, LLC satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citation omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Cannell Capital, LLC satisfies this requirement because, just like all other class members, it: (1) purchased OCA shares during the Class Period; (2) purchased OCA shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Cannell Capital, LLC's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Cannell Capital, LLC to represent the class to the existence of any conflicts between the interests of Cannell Capital, LLC

and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who are qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)).

Here, Cannell Capital, LLC is an adequate representative of the class. As evidenced by the injuries suffered by Cannell Capital, LLC, who purchased OCA shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Cannell Capital, LLC are clearly aligned with the members of the class and there is no evidence of any antagonism between Cannell Capital, LLC's interests and those of the other members of the class. Further, Cannell Capital, LLC has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Cannell Capital, LLC's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Cannell Capital, LLC *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**B.    The Court Should Approve Cannell Capital, LLC's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Cannell Capital, LLC has selected the law firms of Lerach Coughlin and Steyer Lowenthal as Lead Counsel and the Lemmon Law Firm as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Lemmon Decl., Exs. D-F. Moreover, Cannell Capital, LLC has maintained a long-standing relationship with its proposed Lead Counsel in

other unrelated legal matters. Accordingly, the Court should approve Cannell Capital, LLC's selection of counsel.

IV.  **CONCLUSION**

For all the foregoing reasons, Cannell Capital, LLC respectfully requests that the Court: (i) appoint Cannell Capital, LLC as Lead Plaintiff in this Action; (ii) approve its selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED: August 12, 2005

LEMMON LAW FIRM LLC
ANDREW A. LEMMON (Bar No. 18302)

_____
ANDREW A. LEMMON

15058 River Road
Hahnville, LA 70057
Telephone: 985/783-6789
985/783-1333 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
PAUL J. GELLER
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

STEYER LOWENTHAL BOODROOKAS
 ALVAREZ & SMITH LLP
ALLAN STEYER
D. SCOTT MACRAE
One California Street, Third Floor
San Francisco, CA 94111
Telephone: 415/421-3400
415/421-2234 (fax)

[Proposed] Lead Counsel for Plaintiffs

SEE RECORD FOR

EXHIBITS

OR

ATTACHMENTS

NOT SCANNED