UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE OCA, INC. SECURITIES AND DERIVATIVE LITIGATION | CIVIL ACTION |
| | NO. 05-2165 |
| "Securities Cases Only" | SECTION "R" (3) |

ORDER DENYING PLAINTIFF's MOTION TO COMPEL DISCOVERY #261
AS PREMATURE and GRANTING OCA, INC.'s MOTION TO QUASH #270

Before the Court are Plaintiffs' Motion to Compel Production of Documents #261 pertaining to the alleged accounting improprieties of OCA, Inc. and OCA, Inc.'s Cross-Motion to Quash Subpoenas #270 issued by plaintiffs to OCA, Inc. and OCA Professionals, *i.e.*, Postlethwaite & Netterville ("Postlethwaite"), Fulbright & Jaworski, LLP ("Fulbright") and Phelps Dunbar, LLP ("Phelps"). The motions were the subject of oral argument and then taken under submission by the undersigned. For the reason that discovery is STAYED, the Court DENIES plaintiff's Motion to Compel as premature and GRANTS defendants' Motion to Quash.

On August 4, 2005, the district judge issued a Pretrial Order No. 1 applicable to both the Securities Litigation and the Derivative Litigation in the captioned consolidated proceedings, which states:

> "3.   Discovery. All discovery in these proceedings is stayed pending further order of the Court.
> 
> * * *
> 
> 4.   Class Certification. Local Civil Rule 23.1(B), which sets a deadline for the filing of motions for class certification, shall not apply to these proceedings. The schedule for class certification proceedings will be set by the Court at a later date."

*See* Pretrial Order No. 1 signed August 4, 2005 [Doc. # 80].

Following the appointment of Samuel Boodman as lead plaintiff in the Securities Litigation (*see* Orders ## 157, 159), the district judge issued the following scheduling order with respect to same, which states:

> "(a) Filing of Consolidated Complaint
> Plaintiffs will file a consolidated complaint on February 21, 2006.
> (b) Briefing Schedule on Motion to Dismiss
> Defendants will answer or otherwise respond to the consolidated complaint on March 23, 2006.  Should the defendants move to dismiss the consolidated complaint, plaintiff will file a reply to such motion on April 24, 2006.  Defendants will file a reply to plaintiffs' opposition on or before May 15, 2006."

*See* Joint Scheduling Order signed December 12, 2005 [Doc. # 161].

On February 1, 2006, plaintiffs filed their Consolidated Class Action Complaint (Doc. #167) to which defendants' responded by filing Motions to Dismiss (Doc. ## 171, 177).  On March 20, 2006, a Notice of Automatic Stay (Doc.#178) was filed suggesting that the automatic-stay provision of section 362 of the Bankruptcy Code applies to the both the derivative litigation and the class action claims brought against OCA, Inc.  On December 14, 2006, the district judge granted the Motion to Dismiss Palmisano, Jr. and denied the Motion to Dismiss Palmisano, Sr. and Verret.  *See* Order entered December 15, 2006 [Doc. #208].

On February 12, 2007, OCA filed a Motion to Quash Subpoenas Issued to Price Waterhouse Coopers and Ernst & Young (Doc. #212), arguing, *inter alia*, that merits-based discovery was premature in this class action proceeding.  The motion was dismissed as moot on March 13, 2007. *See* Order [Doc. #217].

On May 25, 2007, FTI Consulting Inc. filed Notice of Termination of Automatic Stay (Doc. # 222) and the aforesaid Trustee filed its Second Amended and Restated Complaint (Doc. #224) in the captioned derivative litigation.  On August 6, 2007, defendants in the derivative

litigation filed their Motion to Dismiss the Second Amended and Restated Complaint of FTI Consulting, Inc., as Trustee (Doc. # 251) which is presently set for hearing on December 6, 2007.  At the time of the hearing of the subject motions to compel and to quash, counsel for FTI Consulting, Inc. as Trustee for OCA Chapter 11 Plan Trust aptly pointed out that: (1) there is no case management order; (2) there is no Rule 16 and 26 conference; (3) there has been no procedure with regard to class certification; (4) there has been no class certified in connection with the securities action; (5) it is unclear how the discovery sought would relate to the certification issue; and (6) it is his recollection that discovery has been stayed.  *See* Transcript of the August 28, 2007 Hearing at p. 10-11.

Because this Court's review of the record reveals that discovery has been stayed until further orders of the district judge, the Court issues the following orders.

**IT IS ORDERED** that the plaintiffs' motion to compel discovery# 261 is DENIED AS PREMATURE, fully reserving the plaintiffs' right to reissue their discovery requests/SDT and reurge their motion to compel when permitted by the district judge's scheduling or case management order.

**IT IS FURTHER ORDERED** that OCA, Inc.'s  motion to quash #270 is GRANTED on the basis that the discovery is premature and the privilege issues raised in the context of the aforesaid motions are not ripe.

New Orleans, Louisiana, this 20th  day of  November, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**